**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

ERICK EDUARDO CORDERO MONARREZ,

Petitioner,

v.

Case No. 1:26-cv-03460-MIS-GBW

WARDEN, in his capacity as Warden of Torrance County Detention Center; MARKWAYNE MULLIN, in his official capacity as Secretary, U.S. Department of Homeland Security; DAVID J. VENTURELLA, in his official capacity as Acting Director, U.S. Immigration and Customs Enforcement; MARY DE ANDA-YBARRA, in her official capacity as Field Office Director, El Paso Field Office, Enforcement and Removal Operations, U.S. Immigration and Customs Enforcement; and TODD BLANCHE, in his official capacity as Attorney General of the United States,

Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2241**

THIS MATTER is before the Court on Petitioner Erick Eduardo Cordero Monarrez's Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition"), ECF No. 1, filed October 15, 2026. On October 29, 2026, the federal Respondents filed a "Response to [the] Petition" ("Response"). ECF No. 7.[1] In addition, Petitioner filed an Emergency Motion for Contempt. ECF No. 6. Upon review of the Parties' submissions, the record, and the relevant law,

---

[1] The Clerk's Office served all Respondents with the Petition pursuant to this District's Standing Order Regarding Service of Process in Immigration Habeas Petitions filed Pursuant to 28 U.S.C. § 2241, Case 1:26 mc-00004, ECF No. 3 (D.N.M. Jan. 28, 2026). ECF No. 2. However, as has become customary in these cases, the Warden did not respond to the Petition.

the Court will **GRANT** the Petition for the reasons set forth herein and **DENY** the Emergency Motion.

## I. Factual Background

Petitioner is a citizen of Mexico who entered the United States on a tourist visa on June 7, 2013, when he was then a minor. Pet. at 12 & Exs. A & C. Petitioner's visa expired on July 9, 2018, though he remained in the United States. Pet. at 12. Petitioner has no criminal history. Id. More, Petitioner is engaged to a United States citizen with whom he has a United States citizen child. Id. Petitioner is also employed. Id.

Nevertheless, on or around July 20, 2026, Petitioner was detained by local law enforcement near Tatum, New Mexico. Id. at 11.[2] Although Petitioner's fiancé posted bond for his release, United States Immigration and Customs Enforcement ("ICE") had filed a detainer and Petitioner was instead released to ICE's custody on July 22, 2026. Id. He has been detained ever since and is currently detained at the Torrance County Detention Center in Estancia, New Mexico. Id. at 1. When ICE officers took custody of Petitioner, they served him a Notice to Appear ("NTA") before an Immigration Judge for removal proceedings. NTA, ECF 7-2. On August 11, 2026, an Immigration Judge held a bond hearing. ECF No. 7-1. On August 13, 2026, Petitioner filed an Application for Cancellation of Remvoal and Adjustment of Status for Certain Nonpermanent Residents, Form 42-B, based on the hardship to his child that would be caused by his removal. Form 42-B, Pet. at Ex. C. On August 19, 2026, an Immigration Judge held a bond hearing. Order I of the Immigr. Judge, ECF No. 7-5. The Immigration Judge denied bond stating only that Petitioner "did not meet his burden to show he is not a flight risk." Id. The same day, the

[2] Apparently, Petitioner was arrested due to alleged outstanding traffic citations; however Petitioner presents evidence, and Respondents do not contest the evidence, that the traffic citations were dismissed on July 28, 2026. Pet. at Ex. D, Resp. at ¶ 4.

Immigration Judge ordered Petitioner removed. Order of the Immigr. Judge II, ECF No. 7-6. The Executive Office for Immigration Review's ("EOIR") website indicates that Petitioner has not filed an appeal as of the date of this Order and that an appeal is due by November 18, 2026. EOIR Automated Case Information.

On October 15, 2026, the Court issued an Order to Answer and Enjoining Transfer instructing Respondents to show cause why the Court should not grant Petitioner habeas relief. ECF No. 4. The Court specifically ordered Respondents to "specify whether the Court has already ruled on the legal issue(s) in this case and whether the holding in Santillan Quiroz v. Mullin, 180 F.4th 1226 (10th Cir. 2026) requires relief. To the extent the Government opposes the Petition, they MUST specify details surrounding the bond hearing and provide documents and other relevant information sufficient to show the Petitioner had a constitutionally adequate bond hearing." Id.

## II. Legal Standard

Federal courts possess authority to review the legality of executive detention through the writ of habeas corpus. Title 28, United States Code, section 2241 expressly authorizes courts to issue a writ of habeas corpus when a person is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). The Tenth Circuit has recognized that "[c]hallenges to immigration detention are properly brought directly through habeas." Soberanes v. Comfort, 388 F.3d 1305, 1310 (10th Cir. 2004) (citing Zadvydas v. Davis, 533 U.S. 678, 687-88 (2001)). "The fundamental purpose of a § 2241 habeas proceeding is to allow a person in custody to attack the legality of that custody, and the traditional function of the writ is to secure release from illegal custody." Palma-Salazar v. Davis, 677 F.3d 1031, 1035 (10th Cir. 2012) (quotation marks omitted) (quoting McIntosh v. U.S. Parole Comm'n, 115 F.3d 809, 811 (10th Cir. 1997)).

## III. Discussion

Petitioner argues that his detention is unlawful and violates his Fifth Amendment right to due process, asserting the bond hearing was constitutionally inadequate. Pet. at 4, 12.[3] He seeks immediate release. Id. at 13. Respondents argue that Petitioner has no constitutional right to be released during the pendency of immigration proceedings. Id. at 9-11 (citing, inter alia, Demore v. Kim, 538 U.S. 510, 523-24 (2003)). Respondents argue that Petitioner had a bond hearing, and therefore 8 U.S.C. § 1226(e) strips the Court of jurisdiction to review the Immigration Judge's discretionary judgment. Id. at 11-12. Respondents also assert Petitioner failed to exhaust administrative remedies by failing to appeal the Immigration Judge's decision. Id. at 14. Respondents make no substantive argument that the bond hearing was constitutionally adequate. See generally Resp.

While the Court does not have jurisdiction to review discretionary bond decisions under § 1226(e), the Court does have jurisdiction to review constitutional challenges to bond decisions. Dong v. Mullin, No. 1:26-CV-01818-MIS-LF, 2026 WL 1959357, at *1 (D.N.M. July 7, 2026); Grant-Davis v. Anda-Ybarra, No. 2:26-CV-00054-MIS-LF, 2026 WL 823095, at *3 (D.N.M. Mar. 23, 2026). The Court therefore rejects Respondents' argument that § 1226(e) deprives the Court of jurisdiction to review Petitioner's assertion that his bond hearing was not constitutionally adequate. The Court also rejects Respondents' argument that Petitioner failed to exhaust his administrative remedies, for, as the Court has previously pointed out, the Board of Immigration Appeals lacks authority to review constitutional challenges, such as this. Ayad v. Warden,

[3] Petitioner also suggests that his initial arrest by local law enforcement violated his Fourth Amendment right to be free from unreasonable searches and seizures. Id. at 12. The Court does not address this argument because it grants the Petition on other grounds but notes that this argument would not provide a basis for habeas relief. Rodriguez Flores v. Mullin, No. 1:26-CV-03079-MIS-GJF, 2026 WL 3168700, at *2 (D.N.M. Oct. 22, 2026).

No. 1:26-CV-02858-MIS-JMR, 2026 WL 2906501, at *2 (D.N.M. Sep. 28, 2026). Thus, the Court will examine whether the Immigration Judge's bond determination was constitutionally adequate.

To that point, the fundamental requirement of due process is the opportunity to be heard "at a meaningful time and in a meaningful manner." Mathews v. Eldridge, 424 U.S. 319, 333 (1976). To comport with due process—that is, to be meaningful—a noncitizen's bond determination must be an individualized determination based on the actual circumstances of the noncitizen. See Dong, 2026 WL 1959357, at *1. An Immigration Judge "must consider whether an alien who seeks a change in custody status is a threat to national security, a danger to the community at large, likely to abscond, or otherwise a poor bail risk," by looking "to a number of factors in determining whether an alien merits release from bond, as well as the amount of bond that is appropriate." In Re Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006).

> These factors may include any or all of the following: (1) whether the alien has a fixed address in the United States; (2) the alien's length of residence in the United States; (3) the alien's family ties in the United States, and whether they may entitle the alien to reside permanently in the United States in the future; (4) the alien's employment history; (5) the alien's record of appearance in court; (6) the alien's criminal record, including the extensiveness of criminal activity, the recency of such activity, and the seriousness of the offenses; (7) the alien's history of immigration violations; (8) any attempts by the alien to flee prosecution or otherwise escape from authorities; and (9) the alien's manner of entry to the United States.

Id.

The Court finds the IJ's explanation deficient for the reasons set forth in Duong v. Mullin, __ F. Supp. 3d __, No. 2:26-CV-03009-MIS-JFR, 2026 WL 3030939, at *2-3 (D.N.M. Oct. 9, 2026), which the Court hereby adopts. Briefly, a bond decision that rests upon conclusory determinations based on blanket categories—e.g., a speculative form of relief—and not upon individualized facts specific to a petitioner, does not provide an individualized determination based

on the actual circumstances of the noncitizen, and is thus not constitutionally adequate. Id.; see also Dong, 2026 WL 1959357, at *1 (bond determination must be individualized). Here, the Immigration Judge denied bond with a single sentence explanation stating only that Petitioner did not meet his burden to show he is not a flight risk," a determination devoid of any indication that the Immigration Judge considered any individualized facts related to Petitioner or applied any of the factors relevant to a bond hearing. Order of the Immigr. Judge I, ECF No. 7-5. The Immigration Judge's decision thus shows no exercise of discretion at all and is even more constitutionally deficient than the decision in Duong that at least made a half-hearted attempt to provide a basis for the determination, even if such basis rested on blanket categories rather than application of specific facts related to the noncitizen. Respondents do not point to any other evidence to establish that the Immigration Judge provided further analysis to support the decision or make any argument that the bond hearing was constitutionally adequate. See generally Resp.

Thus, while Petitioner received a bond hearing, the record before the Court does not suggest that Petitioner received a constitutionally adequate bond hearing for the purposes of § 1226(a). See Duong, 2026 WL 3030939, at *2-3; Dong, 2026 WL 1959357, at *1. As such, his continued detention violates his right to due process, and because Respondents have failed to articulate a legitimate interest in Petitioner's continued detention, the Court finds that immediate release is the appropriate remedy.

Finally, on October 27, 2026, Petitioner's mother filed an Emergency Motion for Contempt. ECF No. 6. In the Motion, she argues that the Respondents violated the Court's Order to Show Cause by continuing removal proceedings; however, the Court only ordered Respondents not to remove Petitioner from the District of New Mexico, absent a final removal order, while the

Court considered the Petition and not that Respondents could not continue Petitioner's removal proceedings. The Court therefore DENIES the Emergency Motion for Contempt. ECF No. 6.

## IV. Conclusion

Therefore, it is **HEREBY ORDERED** that:

1. The Petition for Writ of Habeas Corpus, ECF No. 1, is **GRANTED**;
2. The Emergency Motion for Contempt, ECF No. 6, is **DENIED**;
3. Respondents are **ORDERED** to immediately release Petitioner Erick Eduardo Cordero Monarrez from detention, subject to reasonable conditions of release, such as electronic monitoring and/or regular check-ins;
4. Respondents shall return all of Petitioner's seized property to Petitioner;
5. Respondents **SHALL NOT** re-detain Petitioner without a pre-deprivation hearing before a neutral Immigration Judge pursuant to 8 U.S.C. § 1226(a), at which the Government must prove by clear and convincing evidence that Petitioner is a danger or flight risk based on the considerations espoused in In Re Guerra, 24 I. & N. Dec. 37, 40 (BIA 2006); and
6. The Court will separately enter Final Judgment in favor of Petitioner but retain jurisdiction over this matter to ensure compliance with this Order.

Margaret Strickland

**MARGARET STRICKLAND**
UNITED STATES DISTRICT JUDGE